UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Frederick Addison and Winston Addison,

                         Plaintiffs,

-against-

George H. Gordon et al.,

                         Defendants.

1:20-cv-07603 (SDA)

OPINION AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/30/2021

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court are Defendants' Letter Motion to limit the hourly fee for Plaintiffs' orthopedic expert, Dr. Joshua Auerbach, to $400 per hour (Defs.' Letter Mot., ECF No. 28), and Plaintiffs' Letter Motion "to grant Dr. Auerbach his requested fee of $7,250." (Pls.' Ltr. Mot., ECF No. 30, at 3.) As set forth below, the Court finds that Dr. Auerbach shall be paid at a rate of $500 per hour for his time spent on his deposition in this case.

## BACKGROUND

This case involved a motor vehicle accident in Bronx, New York in which Plaintiff Frederick Addison allegedly suffered injuries. (*See* Compl., ECF No. 1-1, ¶¶ 18-19, 29-31.) Dr. Auerbach, who was Mr. Addison's treating orthopedic surgeon, has been retained by Plaintiffs as an expert in this case. (*See* Pls.' Ltr. Mot. at 1; Defs.' Ltr. Mot. at 1-2.) Dr. Auerbach is the Chief of Spine Surgery at Bronx Lebanon Hospital. (Pls.' Ltr. Mot. at 2.) He received his undergraduate degree at Yale University and attended medical school at Mount Sinai School of Medicine. (*Id.*) Dr. Auerbach did his Orthopedic Surgical Residency at the University of Pennsylvania and did a Spinal

Reconstructive Fellowship at Washington University School of Medicine. (*Id*.) He specializes in simple, complex and revision surgery of the cervical, thoracic and lumbar spine.[1] (*Id*.)

Dr. Auerbach submitted an invoice in this case, dated June 4, 2021, which charges $1,000 for two hours of "record review" in preparation for his deposition, and $6,250 for his "[h]alf day testimony rate," for a total of $7,250. (*See* Frederick Addison Invoice, Pls.' Ltr. Mot. App.) Defendants object to paying Dr. Auerbach $7,250 for his deposition and argue that Dr. Auerbach should be paid $400 per hour instead. (*See* Defs.' Ltr. Mot. at 2.)

## **LEGAL STANDARDS**

Under the Federal Rules of Civil Procedure, "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D). . . ." Fed. R. Civ. P. 26(b)(4)(E)(i).

In determining the reasonable fee for an expert, courts consider the following factors:

> (1) the witness's field of expertise; (2) the education and training required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26.

*Ey v. Sam's E., Inc.*, No. 17-CV-00551 (PED), 2020 WL 2415560, at *2 (S.D.N.Y. May 12, 2020) (citations omitted).

---

[1] Dr. Auerbach's curriculum vitae, which sets forth his faculty appointments, board certification and peer-reviewed publications, is publicly available on his website: http://drauerbach.com/images/stories/pdf/Auerbach_CV.pdf.

2

"While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert." *Ey*, 2020 WL 2415560, at *2 (quoting *Grady v. Jefferson Cnty Bd. of Cnty Comm'rs*, 249 F.R.D. 657, 662 (D. Colo. 2008)). "[T]he party seeking reimbursement of deposition fees bears the burden of proving reasonableness. If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee." *Id*. (citing *New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 468 (W.D.N.Y. 2002)).

## **APPLICATION**

The Court in its discretion finds that an hourly rate for Dr. Auerbach of $500 is reasonable based upon, among other factors, his field of expertise, education and training, and the rates he charges. However, the Court will not require Defendants to pay Dr. Auerbach's flat half day rate for testimony of $6,250. "Because Rule 26(b)(4)(E) authorizes compensation only for 'time spent in responding to discovery[,]' a witness cannot unilaterally impose a 'flat fee' which is unrelated to time actually spent on deposition-related work and then obtain judicial enforcement of that fee." *Ey*, 2020 WL 2415560, at *2 (citation omitted).

## **CONCLUSION**

For the foregoing reasons, the Court finds that Dr. Auerbach shall be compensated at a rate of $500 per hour for his deposition and for his two hours of preparation time. The deadline for the completion of expert discovery is extended until September 30, 2021. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 28 and 30.

**SO ORDERED.**

DATED:   New York, New York
         June 30, 2021

_____
STEWART D. AARON
United States Magistrate Judge